UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIO CESAR LOPEZ-PENA,

    *Petitioner*,

v.

MERRICK B. GARLAND,[1]

    *Respondent.*

Civil Action No. 20-1889 (RDM)

## MEMORANDUM OPINION

Julio Cesar Lopez-Pena, a federal prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1 at 10. In his petition, Lopez-Pena also seeks to compel the government to investigate and subsequently to indict every federal district and appellate court judge, as well as all nine Justices of the Supreme Court, for "participating in [an] ongoing criminal racketeering conspiracy," which Lopez-Pena refers to as "the 'Incentivized Penal System.'"[2] *Id.* at 131.

On September 23, 2020, the government filed a response to Lopez-Pena's petition, asking the Court to dismiss it. Dkt. 7. As the government recognized, however, only the odd-numbered pages of Lopez-Pena's petition were initially filed on the docket (this occurred due to a copying error in the Clerk's Office). *Id.* at 2. As a result, the substance of Lopez-Pena's claims was, "for the most part, incomprehensible." *Id.* The Clerk's Office filed a full version of Lopez-Pena's petition on April 7, 2021. Dkt. 1.

---

[1] Merrick B. Garland, the current Attorney General, is substituted for William P. Barr pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to the rule of necessity, *see United States v. Will*, 449 U.S. 200, 211–17 (1950), the undersigned will not recuse from this matter.

1

For the reasons set forth below, the Court concludes that Lopez-Pena's habeas petition must indeed be dismissed. In addition, although the government has not yet responded to the full version of Lopez-Pena's complaint, the Court will *sua sponte* dismiss Lopez-Pena's remaining claims, which seek to compel federal prosecutors to indict the federal judiciary, for want of subject-matter jurisdiction.

## I. BACKGROUND

On June 3, 2008, following a jury trial in the United States District Court for the Southern District of New York, Lopez-Pena was convicted of conspiracy to distribute five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963, and was subsequently sentenced to 540 months of imprisonment, to be followed by five years of supervised release. Dkt. 7 at 1; *see also United States v. Lopez–Pena,* No. 05-cr-191, 2008 WL 2169657 (S.D.N.Y. May 23, 2008); *United States v. Lopez-Pena*, No. 10-cv-7381, 2011 WL 1676286, at *1 (S.D.N.Y. May 2, 2011); *United States v. Lopez-Pena*, No. 05-cr-191, 2018 WL 4006803 (S.D.N.Y. Mar. 7, 2018). The United States Court of Appeals for the Second Circuit subsequently affirmed his conviction and sentence. *See United States v. Sanpedro*, 352 F. App'x 482 (2d Cir. 2009). Lopez-Pena is currently incarcerated at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania. Dkt. 7 at 1.

Since his conviction, Lopez-Pena has repeatedly sought post-conviction relief. Relevant to this petition, in 2011, Lopez-Pena sought to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of New York, *see Lopez-Pena*, 2011 WL 1676286, at *1, and, in 2020, he filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, *see Lopez-Pena v. Barr*, No. 20-cv-183, 2020 U.S. Dist. LEXIS 39045 (M.D. Pa. Mar. 6, 2020); *see also Lopez-Pena v. Barr*, No. 20-cv-183, 2020 WL 8991673, at *1 (M.D. Pa. Apr. 15, 2020).

Both the § 2255 motion and the § 2241 petition were denied.  *See Lopez-Pena*, 2011 WL 1676286, at *1 (§ 2255); *Lopez-Pena*, 2020 U.S. Dist. LEXIS 39045 (§ 2241).

Lopez-Pena has now filed another habeas petition pursuant to 28 U.S.C. § 2241 before this Court.  He argues that his conviction and sentence are unlawful for various reasons, challenging principally the government's authority to "subject [him] to federal investigation, indictment, prosecution, trial, judgment, conviction, and detention/imprisonment."  Dkt. 1 at 35 (capitalization altered).  Lopez-Pena also seeks to compel the government to investigate and subsequently to indict every federal judge in the country, who, Lopez-Pena alleges, have knowledge of and have failed to report a litany of criminal acts related to what he calls the "ongoing criminal racketeering enterprise known as the 'incentivized penal system.'"  *Id.* at 131–35 (alleging violations of 18 U.S.C. §§ 2, 3, 4, 201, 241, 242, 371, 1001).  Lopez-Pena requests that information related to these alleged criminal acts be presented to the special grand jury for the District of Columbia.  *Id.* at 129 (citing 18 U.S.C. § 3332).

On September 23, 2020, the government timely filed a response to Lopez-Pena's petition, requesting that the Court dismiss it.  Dkt. 7 at 2.  The Court issued a *Fox/Neal* order advising Lopez-Pena to respond to the government by November 13, 2020.  Dkt. 9.  Lopez-Pena responded to the government on October 16, 2020, Dkt. 12, and subsequently filed a Motion for Leave to Conduct Discovery pursuant to Federal Rules of Civil Procedure 26 and 36, Federal Rule of Criminal Procedure 6, and 28 U.S.C. § 2241, Dkt. 13.

## II. ANALYSIS

Under 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus" must award the writ or "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained

is not entitled thereto." Here, the Court concludes that because Lopez-Pena's petition must be brought as a 28 U.S.C. § 2255 motion filed with the court which imposed his sentence, he is not entitled to the writ and his § 2241 habeas petition will be dismissed. The Court further concludes that even if Lopez-Pena's petition could be brought under § 2241, instead of § 2255, it must be dismissed because Lopez-Pena's custodian lies outside the territorial jurisdiction of the Court.

To start, it is well established that a challenge to the petitioner's federal conviction or sentence must be made in the sentencing court under 28 U.S.C. § 2255. *See Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 1–2 (D.D.C. 1999) ("Section 2255 . . . expressly encompasses both challenges to the jurisdiction of the federal court imposing sentence and attacks on the constitutionality of a federal prisoner's conviction."). "[O]nly thereafter, and if the prisoner can show that the remedy under § 2255 is inadequate or ineffective, [may] the challenge . . . be brought under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian." *Twitty v. Holder*, No. 10-cv-174, 2010 WL 364343, at *1 (D.D.C. Jan. 29, 2010) (citing 28 U.S.C. § 2255 and *Wilson v. Office of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 279 (D.D.C. 1995)). "Even when a 28 U.S.C. § 2241 habeas is available to a federal prisoner," however, "he must seek the writ in the district where his custodian is found." *Tennille v. Ashcroft*, No. 02-5256, 2002 WL 31108723, at *1 (D.C. Cir. Sept. 20, 2002) (per curiam) (citation omitted).

Here, Lopez-Pena disavows bringing a motion under 28 U.S.C. § 2255. Dkt. 1 at 13–14. Instead, he asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Attorney General lacked authority to "subject [him] to federal investigation, indictment, prosecution, trial, judgement, conviction, and detention/imprisonment." Dkt. 1 at 35. Lopez-Pena argues that his claim does not fall within the scope of § 2255 because he is contesting only

the legality of his detention, not his conviction or sentence, and because he is not challenging the jurisdiction of his sentencing court, but rather the "jurisdiction" of the Attorney General. *Id.* at 13–14.

This argument fails for multiple reasons. First, despite his protests to the contrary, Lopez-Pena's claim *is* a challenge to his conviction and the resulting sentence. That is, even under Lopez-Pena's own theory of the case, his detention is unlawful because (1) the attorney general lacked authority to prosecute him, Dkt. 12 at 6; (2) the trial court was without jurisdiction over his case, *id.*; (3) "[t]he only relevant documents [justifying his detention] . . . [were] essentially forged to illegally incarcerate him," *id.* at 7; and (4) "the procedures used to detain" him were unlawful, *id.* at 7–8. Lopez-Pena's claim therefore falls within § 2255, *see* 28 U.S.C. § 2255(a) (authorizing courts to provide relief to prisoners detained under a sentence imposed by a court "without jurisdiction to impose such sentence" or on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States"), and cannot be raised in a § 2241 petition unless the § 2255 remedy would either be "inadequate or ineffective," *id.* § 2255(e); *see also Larsen v. Garland*, No. 20-cv-840, 2021 WL 1061207, at *1 (D.D.C. Mar. 19, 2021); *Fouche v. Mukasey*, 296 Fed. App'x 74, 74 (D.C. Cir. 2008) (per curiam). Nor does Lopez-Pena satisfy either of those conditions; the prospect that his claim is likely to fail on the merits does not mean that the remedy provided in § 2255 is "inadequate or ineffective." *Perales v. Hawk*, No. 99-5098, 1999 WL 728357, at *1 (D.C. Cir. Aug. 4, 1999). Thus, because Lopez-Pena proceeds here under § 2241 instead of under § 2255, as he was required to do, Lopez-Pena's habeas petition must be dismissed.

Second, even if the Court construed the pending action as a habeas petition brought under 28 U.S.C. § 2255, it would still need to be dismissed. Under 28 U.S.C. § 2255(e), "[a]n

application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him." Although this rule admits of narrow exceptions, Lopez-Pena has failed to allege any facts that might trigger such an exception. *See* 28 U.S.C. § 2255(e) (exception for cases where "remedy by motion is inadequate or ineffective to test legality of his detention"). As a result, because this is not the court which sentenced Lopez-Pena, it cannot entertain his petition. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952).

Finally, even if Lopez-Pena's petition may be brought under § 2241, as he insists, it would likewise have to be dismissed as well. "[T]he law of this circuit is clear that '[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988) (citing *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)); *see also Blair–Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). Because a prisoner's custodian is normally the warden of the facility at which the prisoner is being incarcerated, *see, e.g.*, *Fletcher v. Reilly*, 433 F.3d 867, 875 (D.C. Cir. 2006), the general rule is that a § 2241 motion must be brought in the judicial district where the prisoner is incarcerated—that is, the judicial district in which the custodian resides, *see, e.g.*, *In re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988); *see also Day v. Obama*, No. 15-cv-671, 2015 WL 2122289, at *1 (D.D.C. May 1, 2015), *aff'd Day v. Trump*, 860 F.3d 686 (D.C. Cir. 2017) ("This 'district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction.'" (quoting *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004)); *cf. Rumsfeld v. Padilla*, 542 U.S. 426, 444, (2004) ("By definition, the immediate custodian and the prisoner reside in the same district."). Lopez-Pena is currently imprisoned in the Middle District of Pennsylvania. *See* Dkt.

7 at 1.  That is not here.  The Court, therefore, is "without authority to grant the relief requested," *Judd v. Gonzales*, No. 13-cv-1504, 2013 WL 5615049, at *1 (D.D.C. Oct. 15, 2013), and must accordingly dismiss Lopez-Pena's habeas corpus petition.

As noted above, it is also possible to construe portions of Lopez-Pena's pleading as alleging claims that do not sound in habeas, and the government has yet to respond to those portions of the pleading.  The Court may, however, dismiss a complaint *sua sponte* where its claims "are too insubstantial to invoke federal court jurisdiction."  *Ord v. District of Columbia*, 587 F.3d 1136, 1144 (D.C. Cir. 2009).  As the Supreme Court has explained:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33 (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910); 'plainly unsubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80 (1909).

*Hagans v. Lavine*, 415 U.S. 528, 536 (1974).  The D.C. Circuit has further elucidated:

> To warrant dismissal for insubstantiality, claims [must] be flimsier than doubtful or questionable—they must be essentially fictitious.  Although we have said that the Rule 12(b)(1) substantiality doctrine is, as a general matter, reserved for complaints resting on truly fanciful factual allegations, legal claims may be so insubstantial as to deprive federal courts of jurisdiction if prior decisions inescapably render the claims frivolous.  That said, previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial.  Thus, to qualify as insubstantial, a claim's unsoundness must so clearly result from the previous decisions of the Supreme Court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.

*Ord*, 587 F.3d at 386 (cleaned up); *see also Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) ("Complaints that are comprised of 'fanciful claims' and 'bizarre conspiracy theories' are generally subject to dismissal on that basis." (quoting *Bestor v. Lieberman*, No. 03-cv-1470, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005))); *Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C.

1990) (dismissing *pro se* complaint *sua sponte* where the complaint made clear that there was "[un]disputedly no factual and legal basis for the asserted wrong").

Such is the case here. Apart from his habeas corpus claim, the only other claim Lopez-Pena raises is that federal prosecutors should indict every judge in the country for unspecified but purportedly unlawful conduct related to the penal system. Dkt. 1 at 131. The nature of Lopez-Pena's claim is both undecipherable and frivolous. He offers no factual or legal basis to support it, and there exists neither. An Article-III-wide conspiracy to unlawfully imprison individuals is "fanciful" and "fictitious"—not factual. *Ord*, 587 F.3d at 386. And as to the law, it has long been made clear that, at least with respect to decisions *not* to prosecute, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]" *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citing *Confiscation Cases*, 7 Wall. 454 (1869)). The Court will therefore dismiss Lopez-Pena's complaint for want of subject-matter jurisdiction.

Finally, Lopez-Pena seeks leave to conduct discovery pursuant to Federal Rules of Civil Procedure 26 and 36, Federal Rule of Criminal Procedure 6, and 28 U.S.C. § 2241. Dkt. 13. The Court will deny this motion as moot given its dismissal of Lopez-Pena's complaint and habeas petition.

## CONCLUSION

For the foregoing reasons, the Court will dismiss Lopez-Pena's petition for writ of habeas corpus and will dismiss the remaining non-habeas claims that Lopez-Pena raises.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: May 28, 2021